ORIGINAL

FILED
APR 2 4 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PAUL D. RIPPA** | : | |
| plaintifff, | : | |
| v. | : | **No.** 07-250 C |
| **THE UNITED STATES** | : | |
| defendant. | : | |

**COMPLAINT**

1. This is a suit for lost pay brought by a teacher in the Bureau of Indian Affairs schools who was discharged without notice and an opportunity for a hearing to which he was entitled under § 1131 of the Education Amendments of 1978, Public Law No. 95-561.

**Jurisdiction and Parties**

2. This Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), because the plaintiff's claim is founded on both an Act of Congress and a regulation of an executive department which are "money mandating."

3. The plaintiff, Paul D. Rippa, was employed by the United States Department of the Interior, Bureau of Indian Affairs, as a science teacher in the Wingate High School in Fort Wingate, New Mexico.

**Statement of the Facts**

4. In § 1131 of the "Education Amendments of 1978," Public Law No. 95-561, November 1, 1978, Congress created a separate personnel scheme for BIA educators,

which includes annual teaching contracts as are traditional in school districts around the country. As relevant here, Section 1131(a) exempted BIA "education personnel" employed in the BIA schools from those provisions of Title 5 of the U.S. Code "relating to . . . the appointment, promotion, hours of work *and removal* of civil service employees." 25 U.S.C. § 2012(a) (emphasis added).

5. On November 6, 2006, Plaintiff Rippa was hired by the BIA as a science teacher in the Wingate High School and became an "educator" within the meaning of §1131(o) of Pub.L. No. 95-561, as amended, (25 U.S.C. § 2012(o)), because he performed "classroom or other instruction . . .on a school year basis principally in a Bureau school."

6. Section 1131(g) of Pub.L. No. 95-561, as amended, and Department of Interior regulations, 25 C.F.R. § 38.6, entitled plaintiff Rippa to compensation for his services as a BIA educator.

7. On March 13, 2007, the Acting Principal of Wingate High School gave plaintiff Rippa a memorandum which stated in part:

> This notice is to inform you that you will be separated from your position as Teacher (science) and from Federal service. This action will be effective Friday, March 30, 2007. This action is being taken due to inappropriate interaction with students in the classroom.
>
> This action is being taken during your probationary period. . . .and is therefore, neither grievable nor appealable.

8. Plaintiff Rippa was terminated effective March 30, 2007.

9. Section 1131(e) of Pub. L. No. 95-56, as amended, protects *all* BIA educators from summary discharge. It provides that "***no*** educator may be discharged without notice of the reasons for the discharge and an opportunity for a hearing under procedures that comport with the requirement of due process." 25 U.S.C. § 2012(e)(1)(B) (emphasis added).

10. Regulations of the Department of the Interior further provide all BIA educators with procedural safeguards before they are discharged, and, like the statute, these regulations do not distinguish between the discharge of probationary and non-probationary educators. The regulations provide that:

> (1) The educator to be discharged shall receive a written notice of the proposal, specifying the causes or complaints upon which the proposal is based, not less than 30 calendar days before the discharge. However, this shall not prohibit the exclusion of the individual from the education facility in cases where exclusion is required for the safety of the students or the orderly operation of the facility.
>
> (2) A reasonable time, but not less than 10 calendar days, will be allotted for the individual to make written and/or oral responses to the charge.
>
> (3) An opportunity will be afforded the individual to review the material relied upon to support the charge.
>
> (4) Official time, not to exceed eight hours, will be provided to the individual to prepare a response to the charge.
>
> (5) The educator may elect to have a representative . . .
>
> (6) The individual has a right to a final decision made by the appropriate level of supervision.
>
> (7) The individual has a right to appeal the final decision and have the merits of the case reviewed by a Departmental official not previously involved in the

> case. This right includes entitlement to a hearing upon request under procedures in accordance with the requirements of due process under section 1131(e)(1)(B) of Pub.L. 95-561.

25 C.F.R. § 38.9(d).

11. Plaintiff Rippa was discharged without notice and without an opportunity for a hearing to rebut the allegation of "inappropriate interaction with students in the classroom" or any of the procedural protections to which BIA educators are entitled under the Department of Interior regulations.

**Cause of Action**

12. The summary discharge of Plaintiff Rippa denied him the due process protections to which he was entitled under Section 1131(e) of Pub. L. No. 95-56, as amended, and under 25 C.F.R. § 38.9(d).

13. The summary discharge of Plaintiff Rippa also deprived him of the compensation to which he was entitled under Section 1131(g) of Pub. L. No. 95-56, as amended, and under 25 C.F.R. § 38.6.

14. Plaintiff Rippa is entitled to the salary and compensation he would have earned as a BIA educator following his illegal summary discharge on March 30, 2007.

15. To afford him complete relief, plaintiff Rippa is also entitled to reinstatement to his educator position with the BIA.

**Relief Requested**

Wherefore, the Plaintiff respectfully requests that judgment be entered in his favor and against the Defendant, and that the Court:

A. Award Plaintiff Rippa damages equal to the salary, compensation and benefits he would have earned as a BIA educator following his discharge on March 30, 2007;

B. Award Plaintiff Rippa such further relief as the Court deems just and proper to provide him with an entire remedy and to complete the relief afforded by the judgment, including reinstatement to his teaching position at the Wingate High School;

C. Award Plaintiff Rippa reasonable attorney fees and costs pursuant to the Back Pay Act.

Respectfully submitted,

RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, DC 20015
202-274-1812 (202-274-1813 facsimile)
richard@hirnlaw.com

April 17, 2007