# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PAUL D. RIPPA** | : | |
| | : | |
| plaintifff, | : | |
| | : | |
| v. | : | **No. 07-250 C** |
| | : | Judge Christine O.C. Miller |
| **THE UNITED STATES** | : | |
| | : | |
| defendant. | : | |

## APPENDIX OF STATUTORY AND REGULATORY MATERIALS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, DC 20015
202-274-1812
(202-274-1813 facsimile)
richard@hirnlaw.com

Counsel for Plaintiff

# TABLE OF CONTENTS

Section 1131 of the "Education Amendments of 1978," Pub. L. No. 95-561, as amended, 25 U.S.C. § 2012 *(excerpts)* . . . . . 1

Section 1131(e), "Discharge and Conditions of employment of educators," 25 U.S.C. § 2012(e) . . . . . 7

Section 1131(o), "Definitions," 25 U.S.C. § 2012(o) . . . . . 8

Regulations on the Department of the Interior pertaining to employment of educators in BIA schools, 25 C.F.R. Part 38 *(excerpts)* . . . . . 10

Definitions, 25 C.F.R. § 38.3 . . . . . 11

Non-renewal of contract, 25 C.F.R. § 38.8 . . . . . 13

Discharge of educators, 25 C.F.R. § 38.9 . . . . . 15

Chapter 62 Bureau of Indian Affairs Manual *(excerpts)* . . . . . 17

62 BIAM § 11.25, "Probationary period" . . . . . 18

Article 29 of the 2003 Collective Bargaining Agreement between the BIA and the Indian Educators Federation . . . . . 20

TITLE 25. INDIANS

**CHAPTER 22--BUREAU OF INDIAN AFFAIRS PROGRAMS**

## ➡§ 2012. Indian education personnel

### (a) In general

Chapter 51, subchapter III of chapter 53, and chapter 63 of Title 5, relating to classification, pay and leave, respectively, and the sections of such title relating to the appointment, promotion, hours of work, and removal of civil service employees, shall not apply to educators or to education positions (as defined in subsection (p) of this section).

### (b) Regulations

Not later than 60 days after January 8, 2002, the Secretary shall prescribe regulations to carry out this section. Such regulations shall provide for--

**(1)** the establishment of education positions;

**(2)** the establishment of qualifications for educators and education personnel;

**(3)** the fixing of basic compensation for educators and education positions;

**(4)** the appointment of educators;

**(5)** the discharge of educators;

**(6)** the entitlement of educators to compensation;

**(7)** the payment of compensation to educators;

**(8)** the conditions of employment of educators;

**(9)** the leave system for educators;

**(10)** the annual leave and sick leave for educators;

**(11)** the length of the school year applicable to education positions described in subsection (a) of

this section; and

**(12)** such additional matters as may be appropriate.

**(c) Qualifications of educators**

(1) Requirements

In prescribing regulations to govern the qualifications of educators, the Secretary shall require that--

**(A)** lists of qualified and interviewed applicants for education positions be maintained in each agency and area office of the Bureau from among individuals who have applied at the agency or area level for an education position or who have applied at the national level and have indicated in such application an interest in working in certain areas or agencies;

**(B)** a local school board shall have the authority to waive on a case- by-case basis, any formal education or degree qualifications established by regulation pursuant to subsection (b)(2) of this section, in order for a tribal member to be hired in an education position to teach courses on tribal culture and language and that subject to subsection (e)(2) of this section, a determination by a school board that such a person be hired shall be instituted by the supervisor of the school involved; and

**(C)** that it shall not be a prerequisite to the employment of an individual in an education position at the local level that--

**(i)** such individual's name appear on a list maintained pursuant to subparagraph (A); or

**(ii)** such individual have applied at the national level for an education position.

(2) Exception for certain temporary employment

The Secretary may authorize the temporary employment in an education position of an individual who has not met the certification standards established pursuant to regulations if the Secretary determines that failure to do so would result in that position remaining vacant.

**(d) Hiring of educators**

(1) Requirements

In prescribing regulations to govern the appointment of educators, the Secretary shall require--

**(A)(i)(I)** that educators employed in a Bureau school (other than the supervisor of the school) shall be hired by the supervisor of the school; and

**(II)** in a case in which there are no qualified applicants available to fill a vacancy at a Bureau school, the supervisor may consult a list maintained pursuant to subsection (c)(1)(A) of this section;

**(ii)** each supervisor of a Bureau school shall be hired by the education line officer of the agency office of the Bureau for the jurisdiction in which the school is located;

**(iii)** each educator employed in an agency office of the Bureau shall be hired by the superintendent for education of the agency office; and

**(iv)** each education line officer and educator employed in the office of the Director of the Office shall be hired by the Director;

**(B)(i)** before an individual is employed in an education position in a Bureau school by the supervisor of the school (or, with respect to the position of supervisor, by the appropriate agency education line officer), the local school board for the school shall be consulted; and

**(ii)** that a determination by such school board, as evidenced by school board records, that such individual should or should not be so employed shall be instituted by the supervisor (or with respect to the position of supervisor, by the superintendent for education of the agency office);

**(C)(i)** before an individual is employed in an education position in an agency or area office of the Bureau, the appropriate agency school board shall be consulted; and

**(ii)** a determination by such school board, as evidenced by school board records, that such individual should or should not be employed shall be instituted by the superintendent for education of the agency office; and

**(D)** all employment decisions or actions be in compliance with all applicable Federal, State, and tribal laws.

(2) Information regarding application at national level

(A) In general

Any individual who applies at the local level for an education position shall state on such individual's application whether or not such individual has applied at the national level for an education position in the Bureau.

(B) Determination of accuracy

If such individual is employed at the local level, such individual's name shall be immediately forwarded to the Secretary, who shall, as soon as practicable but in no event in more than 30 days, ascertain the accuracy of the statement made by such individual pursuant to subparagraph (A).

(C) False statements

Notwithstanding subsection (e), if the individual's statement is found to have been false, such individual, at the Secretary's discretion, may be disciplined or discharged.

(D) Conditional appointment for national provision

If the individual has applied at the national level for an education position in the Bureau, the appointment of such individual at the local level shall be conditional for a period of 90 days, during which period the Secretary may appoint a more qualified individual (as determined by the Secretary) from the list maintained at the national level pursuant to subsection (c)(1)(A)(ii) of this section to the position to which such individual was appointed.

(3) Statutory construction

Except as expressly provided, nothing in this section shall be construed as conferring upon local school boards authority over, or control of, educators at Bureau-funded schools or the authority to issue management decisions.

(4) Appeals

(A) By supervisor

(i) In general

The supervisor of a school may appeal to the appropriate agency education line officer any determination by the local school board for the school that an individual be employed, or not be employed, in an education position in the school (other than that of supervisor) by filing a written statement describing the determination and the reasons the supervisor believes such determination should be overturned.

(ii) Action by board

A copy of such statement shall be submitted to the local school board and such board shall be afforded an opportunity to respond, in writing, to such appeal.

(iii) Overturning of determination

After reviewing such written appeal and response, the education line officer may, for good cause, overturn the determination of the local school board.

(iv) Transmission of determination

The education line officer shall transmit the determination of such appeal in the form of a written opinion to such board and to such supervisor identifying the reasons for overturning such determination.

(B) By education line officer

(i) In general

The education line officer of an agency office of the Bureau may appeal to the Director of the Office any determination by the local school board for the school that an individual be employed, or not be employed, as the supervisor of a school by filing a written statement describing the determination and the reasons the supervisor believes such determination should be overturned.

(ii) Action by board

A copy of such statement shall be submitted to the local school board and such board shall be afforded an opportunity to respond, in writing, to such appeal.

(iii) Overturning of determination

After reviewing such written appeal and response, the Director may, for good cause, overturn the determination of the local school board.

(iv) Transmission of determination

The Director shall transmit the determination of such appeal in the form of a written opinion to such board and to such education line officer identifying the reasons for overturning such determination.

(5) Other appeals

(A) In general

The education line officer of an agency office of the Bureau may appeal to the Director of the Office any determination by the agency school board that an individual be employed, or not be employed, in an education position in such agency office by filing a written statement describing the determination and the reasons the supervisor believes such determination should be overturned.

(B) Action by board

A copy of such statement shall be submitted to the agency school board and such board shall be afforded an opportunity to respond, in writing, to such appeal.

(C) Overturning of determination

After reviewing such written appeal and response, the Director may, for good cause, overturn the determination of the agency school board.

(D) Transmission of determination

The Director shall transmit the determination of such appeal in the form of a written opinion to such board and to such education line officer identifying the reasons for overturning such determination.

**(e) Discharge and conditions of employment of educators**

(1) Regulations

In promulgating regulations to govern the discharge and conditions of employment of educators, the Secretary shall require--

(A) that procedures shall be established for the rapid and equitable resolution of grievances of educators;

(B) that no educator may be discharged without notice of the reasons for the discharge and an opportunity for a hearing under procedures that comport with the requirements of due process; and

(C) that each educator employed in a Bureau school shall be notified 30 days prior to the end of an academic year whether the employment contract of the individual will be renewed for the following year.

(2) Procedures for discharge

(A) Determinations

(i) In general

Except as provided in clause (iii), the supervisor of a Bureau school may discharge (subject to procedures established under paragraph (1)(B)) for cause (as determined under regulations prescribed by the Secretary) any educator employed in such school.

(ii) Notification of board

On giving notice to an educator of the supervisor's intention to discharge the educator, the supervisor shall immediately notify the local school board of the proposed discharge.

(iii) Determination by board

If the local school board determines that such educator shall not be discharged, that determination shall be followed by the supervisor.

(B) Appeals

(i) In general

The supervisor shall have the right to appeal to the education line officer of the appropriate agency office of the Bureau a determination by a local school board under subparagraph (A)(iii), as evidenced by school board records, not to discharge an educator.

(ii) Decision of agency education line officer

Upon hearing such an appeal, the agency education line officer may, for good cause, issue a decision overturning the determination of the local school board with respect to the employment of such individual.

(iii) Form of decision

The education line officer shall make the decision in writing and submit the decision to the local school board.

(3) Recommendations of school boards for discharge

Each local school board for a Bureau school shall have the right--

(A) to recommend to the supervisor that an educator employed in the school be discharged; and

(B) to recommend to the education line officer of the appropriate agency office of the Bureau and to the Director of the Office, that the supervisor of the school be discharged.

* * *

**(o) Definitions**

In this section:

(1) Education position

The term "education position" means a position in the Bureau the duties and responsibilities of

which--

**(A)(i)** are performed on a school year basis principally in a Bureau school; and

**(ii)** involve--

**(I)** classroom or other instruction or the supervision or direction of classroom or other instruction;

**(II)** any activity (other than teaching) which requires academic credits in educational theory and practice equal to the academic credits in educational theory and practice required for a bachelor's degree in education from an accredited institution of higher education;

**(III)** any activity in or related to the field of education notwithstanding that academic credits in educational theory and practice are not a formal requirement for the conduct of such activity; or

**(IV)** support services at, or associated with, the site of the school; or

**(B)** are performed at the agency level of the Bureau and involve the implementation of education-related programs other than the position for agency superintendent for education.

(2) Educator

The term "educator" means an individual whose services are required, or who is employed, in an education position.

25 C.F.R. § 38.1

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 25. Indians
Chapter I. Bureau of Indian Affairs, Department of the Interior
Subchapter E. Education
Part 38. Education Personnel (Refs & Annos)

**→§ 38.1 Scope.**

(a) Primary scope. This part applies to all individuals appointed or converted to contract education positions as defined in § 38.3 in the Bureau of Indian Affairs after November 1, 1979. This part applies to elementary and secondary school positions and agency education positions.

(b) Secondary scope. Section 38.13 applies to employees with continuing tenure in both the competitive and excepted service who encumber education positions.

(c) Other. Where 25 CFR Part 38 and a negotiated labor relations agreement conflict, the negotiated agreement will govern.

SOURCE: 53 FR 37678, Sept. 27, 1988; 65 FR 58183, Sept. 27, 2000, unless otherwise noted.

AUTHORITY: 25 U.S.C. 2011 and 2015, Secs. 1131 and 1135 of the Act of November 1, 1978, 92 Stat. 2322 and 2327; Secs. 511 and 512, Pub.L. 98-511; Secs. 8 and 9, Pub.L. 99-89; Title V of Pub.L. 100-297; Pub.L. 105-337.

25 C. F. R. § 38.1, **25 CFR** § **38.1**

Current through April 5, 2007; 72 FR 16983

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 25. Indians
Chapter I. Bureau of Indian Affairs, Department of the Interior
Subchapter E. Education
Part 38. Education Personnel (Refs & Annos)

**→§ 38.3 Definitions.**

As used in this Part, the term:

Agency means the current organizational unit of the Bureau, which provides direct services to the governing body or bodies and members of one or more specified Indian Tribes.

Agency school board as defined in section 1139(1), of Pub.L. 95-561, means a body, the members of which are appointed by the school boards of the schools located within such Agency. The number of such members shall be determined by the Director in consultation with the affected tribes. In Agencies serving a single school, the school board of that school shall function as the Agency School Board.

Agency Superintendent for Education (ASE) means the Bureau official in charge of education functions at an Agency Office and to whom the school supervisor(s) and other educators under the Agency's jurisdiction, report.

Area Education Programs Administrator (AEPA) means the Bureau official in charge of an Area Education Office that provides services to off-reservation residential schools, peripheral dormitories or on-reservation BIA funded schools that are not served by an Agency Superintendent for Education. The AEPA may also provide education program services to tribes not having an Agency Superintendent for Education at their agency. The AEPA has no line authority over agency education programs that are under the jurisdiction of an Agency Superintendent for Education.

Assistant Secretary means the Assistant Secretary for Indian Affairs of the Department of the Interior.

Bureau means the Bureau of Indian Affairs of the Department of the Interior.

Consult, as used in this part and provided in section 1131(d)(1) (B) and (C) of Pub.L. 95-561, means providing pertinent information to and being available for discussion with the school board, giving the school board the opportunity to reply and giving due consideration to the school board's response, subject to appeal rights provided in § 38.7 (a), (b) and (c), and § 38.9(e)(3).

Director means the Deputy to the Assistant Secretary/Director--Indian Affairs (Indian Education Programs) in the Bureau.

Discharge means the separation of an employee during the term of the contract.

Education function means the administration and implementation of the Bureau's education programs and activities (including school operations).

Education position, means a position in the Bureau the duties and responsibilities of which:

(a) Are performed on a school term basis principally in a Bureau elementary and secondary school which involve:

(1) Classroom or other instruction or the supervision or direction of classroom or other instruction;

(2) Any activity (other than teaching) that requires academic credits in educational theory and practice equal to the academic credits in educational theory and practice required for a bachelor's degree in education from an accredited institution of higher education; or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(3) Any activity in or related to the field of education notwithstanding that academic credits in educational theory and practice are not a formal requirement for the conduct of such activity; or

(4) Support services at or associated with the site of the school; or

(b) Are performed at the Agency level of the Bureau and involve the implementation of education-related Bureau programs. The position of Agency Superintendent for Education is excluded.

Educator, as defined in section 1131(n)(2) of Pub.L. 95-561 means an individual whose services are required, or who is employed, in an education position as defined in § 38.3.

Employment contract means a signed agreement executed by and between the Bureau and the individual employee hired or converted under this part, that specifies the position title, period of employment, and compensation attached thereto.

Involuntary change in position means the release of an employee from his/her position instigated by a change in program or other occurrence beyond the control of the employee.

Local school board, as used in this part and defined in section 1139(7) of Pub.L. 95-561, means a body chosen in accordance with the laws of the tribe to be served or, in the absence of such laws, the body elected by the parents of the Indian children attending a Bureau-operated school. In schools serving a substantial number of students from different tribes, the members shall be appointed by the governing bodies of the tribes affected and the number of such members shall be determined by the Director in consultation with the affected tribes.

Probationary period means the extension of the appointed process during which a person's character and ability to satisfactorily meet the requirements of the position are reviewed.

School board means an Agency school board or a local school board.

School supervisor means the Bureau official in charge of a Bureau school who reports to an Agency Superintendent for Education. In the case of an off-reservation residential school(s), and, in some cases, peripheral dormitories and on-reservation day schools, the school supervisor shall report to the Area Education Programs Administrator.

School term is that term which begins usually in the last summer or fall and ends in the Spring. It may be interrupted by one or more vacations.

SOURCE: 53 FR 37678, Sept. 27, 1988; 65 FR 58183, Sept. 27, 2000, unless otherwise noted.

AUTHORITY: 25 U.S.C. 2011 and 2015, Secs. 1131 and 1135 of the Act of November 1, 1978, 92 Stat. 2322 and 2327; Secs. 511 and 512, Pub.L. 98-511; Secs. 8 and 9, Pub.L. 99-89; Title V of Pub.L. 100-297; Pub.L. 105-337.

25 C. F. R. § 38.3, 25 CFR § 38.3

Current through April 5, 2007; 72 FR 16983

Copr. © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 25. Indians
Chapter I. Bureau of Indian Affairs, Department of the Interior
Subchapter E. Education
Part 38. Education Personnel (Refs & Annos)

**→§ 38.8 Nonrenewal of contract.**

Where the determination is made that an employee's contract shall not be renewed for the following year, the following procedure will apply to those employees who have completed three full continuous school terms of service under consecutive contract appointments and satisfactory performance in the same or comparable education positions.

(a) The employee will be given a written notice of the action and the reasons thereof not less than 60 days before the end of the school term.

(b) The employee will be given 10 calendar days to request an informal hearing before the appropriate official or body. Upon request, the employee may be given official time, not to exceed eight hours, to prepare a written response to the reason(s).

(c) If so requested, an informal hearing shall be held within 30 calendar days of receipt of the request.

(d) The appropriate official or body will render a written determination within seven calendar days after the informal hearing.

(e) The employee has a right to request an administrative review by the ASE or AEPA of the determination within 10 calendar days of that determination. The ASE or AEPA then has 20 calendar days to render a final decision. Where the employee is the supervisor of the school or an agency education employee, any appeal of the ASE or AEPA would be addressed to the Director for a decision. If the Director or ASE's or AEPA's decision overturns the appropriate official or bodies determination, the appropriate official or body will be notified of the reasons in writing. Failure by the Director or ASE or AEPA to act within the 20 days will sustain the determination. This completes the administrative appeal process.

(f) Failure of any of the parties to meet the requirements of the above procedures will serve to negate the particular action sought by the negligent party.

(g) Those employees with less than three full continuous school terms of consecutive contract appointments are serving a probationary period. Nonrenewal of his/her contract will be considered a continuation of the examining process. This action cannot be appealed or grieved.

(h) Independent of the procedures outlined in this section, the school supervisor or ASE or AEPA, for applicable positions, shall be required to submit to the ASE or AEPA or appropriate higher authority all nonrenewal actions. Within 60 days, the ASE or AEPA shall review the nonrenewal actions and may overturn the determination of nonrenewal. In the event that the ASE or AEPA makes a decision to overturn the school board determination, the ASE or AEPA shall notify the school board in writing of his/her reasons for doing so.

(i) No more than the substantial standard of evidence shall be required to sustain the nonrenewal.

(j) A procedural error shall not be grounds for overturning a determination of nonrenewal unless the employee shows harmful error in the application of the Agency's procedures in arriving at such a decision. For purposes of this section, "harmful error" means error by the Agency in the application of its procedures which, in the absence or cure of the error, might have caused the Agency to reach a conclusion different than the one reached. The burden is upon the appellant to show that based

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

upon the record as a whole, the error was harmful. i.e., caused substantial harm or prejudice to his/her rights.

(k) Nonrenewal of a contract is not discharge and will not follow the discharge procedures.

SOURCE: 53 FR 37678, Sept. 27, 1988; 65 FR 58183, Sept. 27, 2000, unless otherwise noted.

AUTHORITY: 25 U.S.C. 2011 and 2015, Secs. 1131 and 1135 of the Act of November 1, 1978, 92 Stat. 2322 and 2327; Secs. 511 and 512, Pub.L. 98-511; Secs. 8 and 9, Pub.L. 99-89; Title V of Pub.L. 100-297; Pub.L. 105-337.

25 C. F. R. § 38.8, **25 CFR § 38.8**

Current through February 16, 2007; 72 FR 7582

Copr. © 2007 Thomson/West

END OF DOCUMENT

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 25. Indians
Chapter I. Bureau of Indian Affairs, Department of the Interior
Subchapter E. Education
Part 38. Education Personnel (Refs & Annos)

**→§ 38.9 Discharge of educators.**

(a) Discharge for cause. Educators covered under the provision of this section are excluded from coverage under 5 U.S.C. 7511 and 4303. In order to provide due process for educators, the Director shall publish in 62 BIAM representative conditions that could result in the discharge of educators for cause and procedures to be followed in discharge cases.

(b) Discharge for inadequate performance. Action to remove educators for inadequate performance will be taken for failure to meet performance standards established under 5 U.S.C. 4302. Performance standards for all educators will include, among others, lack of student achievement. Willful failure to exercise properly assigned supervisory responsibilities by supervisors shall also be cause for discharge.

(c) Other discharge. The Director shall publish in 62 BIAM a description of the budgetary and programmatic conditions that may result in the discharge of educators for other than cause during the school term. The individual's personnel record will clearly reflect that the action taken is based upon budgetary or programmatic restraints and is not a reflection on the employee's performance.

(d) Procedures for discharge for cause. The Director shall publish in 62 BIAM the procedural steps to be followed by school supervisors, ASE's, and AEPA's in discharge for cause cases. These procedures shall provide (among other things) for the following:

(1) The educator to be discharged shall receive a written notice of the proposal, specifying the causes or complaints upon which the proposal is based, not less than 30 calendar days before the discharge. However, this shall not prohibit the exclusion of the individual from the education facility in cases where exclusion is required for the safety of the students or the orderly operation of the facility.

(2) A reasonable time, but not less than 10 calendar days, will be allotted for the individual to make written and/or oral responses to the charge.

(3) An opportunity will be afforded the individual to review the material relied upon to support the charge.

(4) Official time, not to exceed eight hours, will be provided to the individual to prepare a response to the charge.

(5) The educator may elect to have a representative and shall furnish the identity of any representative to the ASE or AEPA. The ASE or AEPA may disallow, as an employee representative, any individual whose activities as a representative would cause a conflict of interest or position, or an employee whose release from his or her official position would give rise to unreasonable costs to the Government, or when priority work assignment precludes his or her release from official duties. The terms of any applicable collective bargaining agreement and 5 U.S.C. 7114(a)(5) shall govern representation of employees in an exclusive bargaining unit.

(6) The individual has a right to a final decision made by the appropriate level of supervision.

(7) The individual has a right to appeal the final decision and have the merits of the case

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reviewed by a Departmental official not previously involved in the case. This right includes entitlement to a hearing upon request under procedures in accordance with the requirements of due process under section 1131(e)(1)(B) of Pub.L. 95-561.

(e) School board action.

(1) The appropriate school board shall be notified as soon as possible, but in no case later than 10 calendar days from the date of issue of the notice of intent to discharge.

(2) The appropriate school board, under any uniform procedure as it may adopt, may issue a formal written certification to the school supervisor, ASE, or AEPA either approving or disapproving the discharge before the expiration of the notice period and before actual discharge. Failure to respond before the expiration of the notice period will have the effect of approving the discharge.

(3) The school supervisor initiating a discharge action may appeal the board's determination to the ASE or AEPA within 10 calendar days of receipt of the board's notice. The ASE or AEPA initiating a discharge may appeal the board's determination to the Director within 10 calendar days of receipt of the board's notice. Within 20 calendar days following the receipt of an appeal, the reviewing official may, for good cause, reverse the school board's determination by a notice in writing to the board. Failure to act within 20 calendar days shall have the effect of approving the board's determination.

(f) School board recommendations for discharge. School boards may recommend in writing to school supervisors, ASE's, or AEPA's, and the Director that individuals in the education program be discharged. These written recommendations may follow any procedures formally established internally by the school board or tribal government. However, the written recommendations must contain specific causes or complaints that may be verified or established by investigation of factual situations. The official receiving a board recommendation for discharge of an individual shall acknowledge the recommendation in writing within 10 calendar days of receipt and proceed with a fact finding investigation. The official who finally disposes of the recommendation shall notify the school board of the disposition in writing within 60 calendar days of initiation of the fact finding investigation.

SOURCE: 53 FR 37678, Sept. 27, 1988; 65 FR 58183, Sept. 27, 2000, unless otherwise noted.

AUTHORITY: 25 U.S.C. 2011 and 2015, Secs. 1131 and 1135 of the Act of November 1, 1978, 92 Stat. 2322 and 2327; Secs. 511 and 512, Pub.L. 98-511; Secs. 8 and 9, Pub.L. 99-89; Title V of Pub.L. 100-297; Pub.L. 105-337.

25 C. F. R. § 38.9, **25 CFR** § **38.9**

Current through February 16, 2007; 72 FR 7582

Copr. © 2007
Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# 11. EDUCATION CONTRACT PERSONNEL

11.1 Scope. This chapter establishes procedures for implementing the Education Contract Personnel system as provided in Public Law 95-561, November 1, 1978, as amended and 25 CFR 38. The provisions of this chapter shall apply to individuals hired or converted to contract education positions in Education Line Offices and the elementary and secondary schools and dormitories operated by the Bureau of Indian Affairs.

11.2 Policy on Education Contract Personnel.

A. It shall be the policy of the Office of Indian Education Programs (OIEP) in carrying out its functions, to facilitate Indian control of Indian Affairs in matters relating to education.

B. The Director of the Office of Indian Education Programs ("Director") shall establish and maintain an efficient Personnel Program for Bureau-operated schools and education line offices. Whenever possible, the Bureau shall recruit and select high quality Indian educators to fill contract education positions. When there are no qualified Indians available, qualified non-Indians may be employed.

11.3 General Definitions.

A. Agency School Board means a body, the members of which are appointed by the School Boards of the schools located within an Education Line Office. The Director shall determine the number of such members in consultation with the affected tribes. In Education Line Offices serving a single school, the School Board of that school shall function as the Agency School Board.

B. Applicant Supply File means a system designed for receiving, maintaining, and rating applications from which appointments may be made when vacancies occur.

C. Assistant Secretary means the Assistant Secretary for Indian Affairs of the Department of the Interior.

D. Bureau means the Bureau of Indian Affairs of the Department of the Interior.

E. Competitive Area means the local school or education line office only and applies only during reduction in force.

F. Consulted means providing pertinent information to and being available for discussion with the School Board, giving the School Board the opportunity to reply, and giving due consideration to the school board's response, subject to appeal rights provided in 25 CFR 38.7(a), (b) and (c), and 25 CFR 38.9(e)(3).

converted to contract. The appropriate school board will be consulted for a determination on whether such individual should be permitted to convert to a contract; if the determination is to approve the request, a contract will be issued.

B. For schools such as off-reservation boarding schools, where the school boards do not hold regular monthly meetings, this provision can be met by the school supervisor or Education Line Officer, as appropriate, contacting each board member within 30 days of the request to convert and informing each member of the status quo employee's request to convert their position to a contract educator position. If verbally approved by the required majority of the members, the conversion will be considered approved and a contract can be issued. At the next official school board meeting, this action will be ratified, so entered into the official board minutes, and the contract signed by the board.

11.25 <u>Probationary Period</u>.

A. The probationary period is an extension of the examining or appointment process, during which a careful review is made of an employee's character and ability to satisfactorily perform the duties of the position. It provides the supervisor an opportunity to measure actual job performance on the job against his/her assessment of the employee's potential at the time the employee was selected. It also provides the supervisor with the opportunity to recommend non-renewal of a contract during the probationary period should the employees' performance fall short of expectations and job requirements or for cause. In addition, a probationary employee may be terminated at any time during the term of a contract. Termination is accomplished by providing written notice to the employee two weeks prior to the effective date of the termination. The school board must be notified of the termination, but school board approval is not required.

B. The probationary period begins with the first day of a continuing appointment to a contract and ends after three full consecutive contract appointments with satisfactory performance and/or conduct in the same or comparable position. If the employee is hired before October 1 of the contract term, this contract term will count as the first year of probation. If the employee is hired on or after October 1, this contract term does not count as the first year of probation and the employee will remain on probation for the following three contract terms.

C. Employees who transfer to a comparable position (e.g., language arts teacher at school A to language arts teacher at school B) <u>prior</u> to the completion of the three year probationary period shall serve a new three year probationary period. Employees who transfer to a comparable position <u>after</u> completing a probationary period will serve a one year probationary period in the new position.

D. Employees who resign and are at a later date reappointed to a

contract position will serve a new three year probationary period upon reappointment.

E. Employees who are promoted or appointed to a different type of position (e.g., from Head Teacher to Principal, or from language arts teacher to elementary teacher) will serve a new three year probationary period.

F. Short-term or temporary contracts do not require an employee to serve a probationary period. The time an employee serves under a short-term or temporary contract does not count as service time toward completion of a probationary period. For example, an employee is initially appointed to a temporary contract. At the end of the contract term, the employee is selected under normal recruitment procedures for a continuing contract term. The probationary period for this employee begins on the effective date of the appointment to the second contract.

G. Employees appointed to continuing part-time contracts exceeding 22 hours per week receive service credit toward completion of the probationary period for time spent in such a contract regardless of the tour of duty. Therefore, after three consecutive contracts as described in B above in a part-time position, the employee will have served the full probationary period.

H. Termination of a contract during the probationary period for any reason is not grievable or appealable.

I. Status quo employees who convert in their existing position to the contract system are not required to serve a probationary period under this part.

11.26 <u>Contract Renewal/Non-renewal</u>.

A. The school supervisor or Education line Officer shall notify the appropriate school board not less than 90 calendar days before the end of the school year (as determined by the school calendar and not by the end of the contract) which school year and year long education contracts are recommended for renewal and which are not recommended for renewal.

B. If the school board disagrees with the recommendations, the board will submit, within 25 calendar days, a formal, written certification of its determinations to the school supervisor or the Education Line Officer, as appropriate.

C. If board determinations are not received within the 25 calendar days, the school supervisor or the Education Line Officer, as appropriate, will issue to contract employees the required notification of intent to renew (or not to renew) contracts based on his/her original recommendations to the school board, no later than 60 calendar days before the end of the school year. This date is the same whether employees are on school year contracts or

**Section 8. Surveys**
Law Enforcement employees will periodically be surveyed regarding working conditions and issues of concern.

## Article 29
## Education Personnel System

*This Agreement covers Contract Education Employees except where the Contract Educators have different provisions. Where 62 BIAM 11 and this Agreement conflict, this Agreement will govern.*

**Section 1. Employment**
Contract Education Employees under the authority of P.L. 95-561 are recognized as employees of the Bureau of Indian Affairs. They will be evaluated, supervised, rewarded, disciplined, compensated, hired and removed by BIA management employees. Where 25 CFR Part 38 and this Agreement conflict, the provisions of this Agreement will govern.

**Section 2. Employment Contract**

A. There will be a contract between the Bureau of Indian Affairs and the individual employee hired or converted under P.L. 95-561, as amended. The contract will show the position title, the beginning and ending dates of employment, the hourly and contract salary, the number of vacation days, and the number of administratively determined work days.
B. The number of instructional days in the school year will not be changed without first obtaining a waiver as required in 25 CFR.
C. When a pre-employment or post-audit review of the qualifications of the employee shows that the employee is not suitable or qualified for the position or salary assigned, the contract may be adjusted or terminated. If an error in pay step or level is found that is no fault of or is done with no knowledge of the employee, and if the employee requests a waiver of overpayment, the Human Resource Officer will recommend to the Bureau's Payroll office that the overpayment be waived. If an error is found that indicates the employee is at a lower level or increment, the correction in pay will be made in the first pay period following the end of the audit. The audit must be completed within 90 days of the appointment.
D. Where underpayment is found to be solely due to Management administrative error, the employee will be made whole and paid interest on the unpaid amount at the statutory rate.

**Section 3. Tenure**

A. Probationary Period

a. New employees will serve a probationary period of eighteen calendar months (includes summer recess). The following are examples of the reasons Management may cite to extend an employee's probationary period for an additional eighteen calendar months.

i. Performance or conduct related problem
ii. Conformance with professional standards

b. If Management does elect to extend the probationary period, Management must provide a written probationary extension notification within the last 30 days prior to the end of the initial probationary period. If there is a probationary period extension, the extended 18 month probationary period will commence the effective date that the normal probationary period would have ended. Management will notify the employee in writing and will provide the employee an opportunity to annotate that he/she has received the notice. Refusal of the employee to acknowledge receipt of the notice does not negate the notice of extension.

c. Upon request of the employee, a meeting will be held with management to discuss the reasons cited for the extension of the probation as well as to provide guidance.

B. Transfers, Promotions, Demotions

An employee who transfers within the duty station will not have to serve another probationary period. An employee who transfers within the bargaining unit but outside the duty station, will serve a new probationary period.

**Section 4. Contract Renewal/Non-Renewal**

A. Employees will be notified in writing by management of their employment contract renewal/ non-renewal not less than 30 days prior to the end of the contract. The employee will be notified in writing of the projected level and step of the next year's contract no later than the last day of the current contract.

B. The employee will be given 10 calendar days to request an informal hearing before the appropriate official or body to appeal the recommendation for non-renewal. The employee has the right to request an administrative review by the Education Line Officer of