IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL D. RIPPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-250C |
| v. | ) | (Judge Christine O.C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction to consider the claims raised in this matter because these statutes and regulations that plaintiff relies upon are not money mandating. In support of our motion, we rely upon the complaint and the following memorandum of law.

ISSUE PRESENTED

Whether this Court lacks subject matter jurisdiction to entertain plaintiff's claims under 25 U.S.C. §§ 2012(e) and (g) and 25 C.F.R §§ 38.6 and 38.9(d).

STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff, Paul Rippa, brings this action pursuant to the Tucker Act, 28 U.S.C. § 1491, 25 U.S.C. §§ 2012(e) and (g), and 25 C.F.R §§ 38.6 and 38.9(d). Compl. ¶ 4, 6, 12. He claims that he was wrongfully terminated from his position as a science teacher at Wingate High School in Fort Wingate, New Mexico, without notice and opportunity for a hearing by his employer, the

United States Department of the Interior Bureau of Indian Affairs ("BIA"). Compl. ¶ 1, 3.

II. Statement Of Facts[1]

On November 6, 2006, Mr. Rippa was hired by the BIA as a science teacher in the Wingate High School. Compl. ¶ 5. On March 13, 2007, the acting principle of Wingate High School gave Mr. Rippa memorandum which stated in part:

> This notice is to inform you that you will be separated from your position as Teacher (science) and from Federal service. This action will be effective as of Friday, March 30, 2007. This action is being taken due to inappropriate interaction with students in the classroom.
>
> This action is being taken during your probationary period . . . and is therefore, neither grievable or appealable.

Compl. ¶ 7. Mr. Rippa was terminated from his position effective March 30, 2007. Compl. ¶ 8. He was not given a hearing to rebut the allegation of "inappropriate interaction with students in the classroom." Compl. ¶ 11.

Plaintiff filed his complaint in this Court on April 24, 2007, alleging that he had been terminated without the notice and an opportunity for a hearing to which he claims he was entitled under 25 U.S.C. §§ 2012(e) and (g) and 25 C.F.R §§ 38.6 and 38.9(d). Compl. ¶ 1, 4, 6, 12. He claims that he was denied due process and compensation, Compl. ¶ 12, 13, and seeks back pay, reinstatement and attorneys fees. Compl. ¶ 14, 15 and "Relief Requested."

## SUMMARY OF ARGUMENT

Mr. Rippa's complaint, seeking a determination by this Court that he was entitled to notice and opportunity for hearing pursuant to 25 U.S.C. §§ 2012(e) and (g), and 25 C.F.R §§ 38.6 and 38.9(d), and is entitled to compensation because these rights were denied, falls

[1] For the purposes of this motion only, we assume that the facts stated in the complaint are true. Should our motion be denied, we reserve the right to contest the facts alleged in the complaint.

outside the scope of this Court's subject matter jurisdiction because these statutes are not money mandating and, accordingly, his complaint should be dismissed.

## ARGUMENT

### I. Standard Of Review

A plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true, and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id. If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) aff'd, 378 F.3d 1324 (Fed. Cir. 2004) (citing Rocovich v. United States, 933 F.2d 911, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)).

### II. This Court Does Not Possess Jurisdiction To Grant Relief Pursuant 25 U.S.C. 25 U.S.C. §§ 2012(e) and (g) and 25 C.F.R §§ 38.6 and 38.9(d)

In his complaint Mr. Rippa states that "[t]his Court has jurisdiction over this action pursuant to the Tucker Act ... because the plaintiff's claim is founded on both an Act of Congress and a regulation of an executive department which are 'money mandating.'" Compl. ¶ 2. Although Mr. Rippa does not specifically identify which statute and regulation he considers to be money mandating in the "Jurisdiction and Parties" section of his complaint, the Government infers from the "Cause of Action" section of complaint that he is relying upon 25 U.S.C. §§

2012(e) and (g), and upon 25 C.F.R §§ 38.6 and 38.9(d).[2] Because none of these statutes and regulations are money-mandating, this Court does not have jurisdiction over these claims, and Mr. Rippa's complaint should be dismissed.

The Tucker Act confers jurisdiction upon the Court of Federal Claims for claims against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," and waives the Government's sovereign immunity for these claims. 28 U.S.C. §1491; United States v. Mitchell, 463 U.S. 206, 212 (1983). Thus, the Tucker Act does not create any substantive right enforceable against the United States for money damages, but merely confers jurisdiction when such a right is conferred elsewhere. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). When the source of such an alleged right is a statute, it can only support jurisdiction if it qualifies, as most statutes do not, as money-mandating. White Mountain, 537 U.S. at 473, Adair v. United States, __ F.3d __, 2007 WL 2164184 at 2 (Fed. Cir. 2007).

A statute is money-mandating only if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." Mitchell, 463 U.S. at 271 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). The "fair interpretation" rule is satisfied when the statute is "reasonably amendable to the reading" that it is money mandating. Adair at 2 (quoting White Mountain at 537 U.S. 473). Thus, Tucker Act jurisdiction requires

---

[2]Although Mr. Rippa's complaint refers to sections of Public Law 95-56, as amended, for clarity's sake the Government's brief will cite to the those sections as codified in the United States Code.

that the statute be "fairly interpreted" or "reasonably amenable" to the interpretation that it "mandates a right of recovery in damages." Id. In order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States. Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir.1995).

In this case the statutes and regulations cited by plaintiff cannot be fairly interpreted to mandate a right of recovery in damages, and thus, this Court lacks subject matter jurisdiction over plaintiff's claims. Neither the statute nor regulations he relies upon are money mandating. Section 2012(e) of title 15 of the United States Code,"Discharge and conditions of employment for educators," provides procedures for the removal of BIA educators. Section 38.9(d) of the title 15 of the Code of Federal Regulation, "Discharge of educators," is the regulation elaborating upon the procedures for removal of BIA educators. Section 2012(g) of Title 15 of the United States Code, "Applicability of chapter 51 of title 5," provides that the Secretary of the Interior shall determine what provision of that Chapter applies to BIA educators.[3] Section § 38.6 of title 15 of the Code of Federal Regulations,"Basic compensation for educators and education positions," is the regulation explaining the general compensation scheme for educators in BIA schools. None of these provisions explicitly provide for money damages against the United States.

Nor can these statutes and regulations be fairly interpreted as mandating compensation for the damages allegedly sustained. Mr. Rippa claims that his due process rights under 25

[3] It seems likely that Mr. Rippa actually intended to rely upon 25 U.S.C. § 2012(h), titled "Compensation or annual salary," which sets out the provisions for compensation for BIA educators. This provision, which correlates to the 25 C.F.R. § 38.6, also does not explicitly provide for money damages against the United States, nor can it be fairly interpreted as mandating damages, for the reasons discussed below in relation to 25 C.F.R § 38.6.

U.S.C. § 2012(e) were violated, and that he should therefore be entitled to money damages and the pay he would have received if he had not been wrongfully terminated. This argument should fail. In order to assert a claim within this Court's jurisdiction, Mr. Rippa must cite a statute that "is reasonably amenable to the reading that it confers upon person's in plaintiff's position a right to money damages in the event the statute is violated." Grosidier v. United States, __ Fed. Cl. __, 2007 WL 1672793 at 4. The heart of Mr. Rippa's complaint is that the BIA terminated his employment without notice and opportunity for a hearing as provided in 25 U.S.C. § 2012(e) and 25 C.F.R § 38.9(d). These notice and hearing provisions are not reasonably open to the reading that they are money mandating. Additionally, it is well established that a violation of the due process clause of the Constitution does not obligate the United States to pay money damages. Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). See also Cherbanaeff v. United States, ___ Fed. Cl. ___, 2007 WL 2049292 at 10-11 (dismissing plaintiffs' claim that the Internal Revenue Service deprived them of due process by denying their right to a statutorily provided hearing because the claim was not money mandating.)

The fact that Mr. Rippa also cites 25 C.F.R § 38.6, the regulation describing the compensation program for BIA educators, is insufficient to bring his claims within this Court's jurisdiction. The Supreme Court has "explicitly rejected the argument that 'the violation of any statute or regulation relating to federal employment automatically creates a cause of action against the United States for money damages." Grosidier at 4 (quoting Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 739 (1982)). Section 38.6 of title 15 of the Code of Federal Regulations does not suggest any right of action against the United States. The mere fact that the compensation system exists does not make Mr. Rippa's claims money mandating. See e.g.

Grosdidier, at 4 (rejecting plaintiff's argument that a statute should be considered money mandating because if plaintiff had been hired under that statute she would have received a pay increase.). There must be a substantive right to money damages for this Court to exercise jurisdiction over Mr. Rippa's claims, and no such right exists under the statutes and regulations cited in his complaint.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

August 8, 2007 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 8th day of August, 2007, a copy of Defendant's Motion To Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore