IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PAUL D. RIPPA** | : | |
| | : | |
| plaintifff, | : | |
| | : | |
| v. | : | **No. 07-250 C** |
| | : | Judge Christine O.C. Miller |
| **THE UNITED STATES** | : | |
| | : | |
| defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO STAY THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN EXTENSION**

Plaintiff Paul Rippa opposes the Defendant's Motion to Stay or Extend the time to respond to the Motion for Summary Judgment filed by the Plaintiff on June 26.

The Defendant has requested that the time to respond to the Motion for Summary Judgment be stayed until the Court rules on the Defendant's Motion to Dismiss. In its Motion to Dismiss, the government argues that the Court lacks jurisdiction over the Plaintiff's claim for lost salary ostensibly because the statute on which the Plaintiff relies (which on its face mandates the payment of compensation) is somehow *not* a money-mandating statute. The Motion to Stay should be denied, and the Defendant should be directed to respond to Plaintiff's Motion for Summary Judgment, so that both motions may be considered at the same time. The Federal Circuit has "acknowledged that the jurisdictional inquiry and merits inquiry may blend together under the Tucker Act." *Doe*

*v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006). The Federal Circuit has also noted that "nothing in Supreme Court opinions that address the Tucker Act suggests that a court should entertain and decide the jurisdictional and merits test in other than a single step." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). In *Fisher*, the Court of Appeals further wrote that:

> . . . For purposes of the case before the trial court, the determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action.

402 F.3d at 1173. Thus, since the analytical inquiry is the same in adjudicating both the Defendant's Motion to Dismiss and the Plaintiff's Motion for Summary Judgment, judicial economy would be promoted by simultaneous briefing and consideration of both pending motions.

Furthermore, the Defendant's alternative motion to extend time to file its opposition to the motion for summary judgment until October 1 should also be denied. The Defendant has already sought and obtained a five week extension until September 4 to respond to the Motion for Summary Judgment. The Plaintiff consented to that extension with the understanding that briefing would proceed by that date. The Defendant has offered no cause for the additional extension requested in the instant motion. Adjudication of this case should proceed expeditiously because the Plaintiff is out of work due to the Defendant's illegal conduct.

For these reasons, the Defendant's Motion to Stay or Extend the time to respond to Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/

RICHARD J. HIRN
5335 Wisconsin Ave NW
Suite 440
Washington, DC 20015
202-274-1812 (202-274-1813 facsimile)
richard@hirnlaw.com

Attorney for Plaintiff

August 10, 2007