IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL D. RIPPA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-250C<br>(Judge Christine O.C. Miller) |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in response to plaintiffs' opposition to the Government's motion to dismiss the complaint in this action. We rely upon the complaint, our motion to dismiss and this brief and its attachments. We established in our motion that the complaint should be dismissed because the facts set forth in the complaint, and the statutes cited therein, do not establish that this Court possesses subject matter jurisdiction to entertain this action. In this reply we also address for the first time the fact that plaintiff is a contract employee and thus should have complied with the terms of the Contract Disputes Act ("CDA") prior to filing this complaint. Because he failed to do so, the Court lacks jurisdiction over his claims.[1]

[1] The Government apologizes that this subject was not raised in its opening brief. The fact that Mr. Rippa was actually a contract employee belatedly came to the attention of counsel for the Government after our motion to dismiss was filed. Because of these newly-raised issues, we consented to Mr. Rippa's filing a surreply in this case, see Defendant's August 24, 2007 Motion to Extend, and the Court allowed Mr. Rippa until October 5, 2007 to respond to our reply brief. We herein request the Court grant us leave until October 19, 2007 to file a reply to Mr. Rippa's surreply, should he chose to file one.

## ARGUMENT

On August 10, 2007, plaintiff served his opposition to our motion to dismiss. We respond, below, to the arguments raised by plaintiff. Mr. Rippa is seeking a determination that the Bureau of Indian Affairs ("BIA") acted illegally when it terminated his employment without notice and an opportunity for a hearing, to which he argues he was entitled under 25 U.S.C. § 2012(e) and 25 C.F.R § 38.9(d). He also argues that he was entitled to back pay for that portion of his salary he would have earned had he not been terminated, citing the BIA compensation statutes and regulations, specifically 25 U.S.C. §§ 2012(b) and (g) and 25 C.F.R § 38.6. However, the statutes upon which he relies do not provide for a private cause of action, such that this Court does not possess subject matter jurisdiction over Mr. Rippa's claims. Furthermore, because he is a contract employee, his contract claims are subject to the CDA and he is bound by the terms of his contract, rather than the employment statutes upon which he relies. Because he has not complied with the CDA, this Court does not possess jurisdiction to hear his claims.

### I. Mr. Rippa's Claims Should Be Dismissed Because The Statutes Upon Which He Relies Do Not Provide For A Private Cause of Action

Mr. Rippa's complaint fails to rest jurisdiction in this Court because the statutes upon which his complaint relies do not provide for a private cause of action in this Court. Mr. Rippa argues that he was improperly terminated without notice and an opportunity for a hearing under 25 U.S.C. § 2012(e). However, the Court of Appeals for the Federal Circuit has expressly held that there is no private cause of action under the statute governing discharge of BIA educators. See Volk v. Hobson, 866 F.2d 1398 (Fed. Cir. 1989). In Volk, the court addressed the question of whether Congress intended to provide a private right of action for BIA educators under the former version of 25 U.S.C. §2012(e), then codified at 25 U.S.C. § 2011(e), and held that the

Government is immune from suit under that provision. Id. at 1400-01.[2] Volk is direct precedent barring Mr. Rippa from bringing suit in this Court challenging his termination.

The Volk court noted that Congress has excluded BIA educators from those provisions of the Civil Service Reform Act of 1978 ("CRSA") that related to the appointment, promotion and removal of civil service employees. Id.; see also 25 U.S.C. § 2012(a) (then codified at 25 U.S.C. § 2011(a)). The court went on to compare BIA employees to the employee denied relief in United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668 (1988) holding that the Supreme Court concluded that "to allow a remedy not otherwise provided for in the statutory scheme would upset the balance carefully wrought by Congress between 'the legitimate interests of various categories of federal employees [and] the needs of sound and efficient administration.'" Volk at 1301 (quoting Fausto, 108 S.Ct. at 672). Mr. Fausto was a Federal employee excluded from the administrative and judicial review procedures afforded certain other categories of Federal employees by the CRSA. The Supreme Court in Fausto reasoned that the exclusion of the plaintiff from the class of employees entitled to judicial review under the CSRA revealed a "considered congressional judgment" that the plaintiff was not entitled to any judicial relief. Fausto, 108 S.Ct. at 674.

In this case, Congress has expressly excluded BIA educators from the provisions of the CSRA, see 25 U.S.C. § 2012(a), and thus, under the holding of Fausto, they should be barred from any judicial relief in this matter. See American Federation of Government Employees

[2] Former section 2011(e) of title 25 of the United States Code provided that "[i]n prescribing regulations to govern the discharge and conditions of employment of educators, the Secretary shall require ... that no educator may be discharged without notice an opportunity for a hearing under procedures that comport with the requirements of due process." That section was recodified as 25 U.S.C. § 2012(e) in 1994, in P.L. 103-382.

Local 1 v. Stone, — F.3d —, 2007 WL 2482144 at *8 (9th Cir. 2007)("When Congress decides to exclude an employee from the protections of the CSRA or an analogous scheme, such as the FAA's personnel management system, Fausto precludes the employee from obtaining judicial review of statutory or regulatory claims."); Roberts v. U.S. Dept. of Justice, 366 F.Supp.2d 13, 21 (D.D.C 2005). ("That Congress deliberately excluded FBI employees from the provisions establishing administrative and judicial review for personnel actions involving violations of CSRA implementing regulations suggests that Congress meant to preclude judicial review for such actions" (citing Fausto)). Accordingly, Mr. Rippa's complaint should be dismissed because his position has been deliberately excluded from the CRSA, and, based on the holdings of Volk and Fausto, this Court does not possess subject matter jurisdiction to hear his claim.

## II. This Court Lacks Jurisdiction To Entertain Mr. Rippa's Claims Because He Failed To Comply With The Terms Of The Contracts Disputes Act

Moreover, not only is Mr. Rippa barred from raising his claim in this court pursuant to the statues he cites, but in the alternative, this Court also does not have jurisdiction over any contract claim he might raise. Mr. Rippa's employment does not arise from the statutes he cites in his complaint, but rather from a contract that he entered into with the with the BIA. See Department of the Interior Teacher/Employment Contract, signed by Mr. Rippa on November 11, 2006, at Exhibit 1 to this brief.[3] Under the terms of Mr. Rippa's contract, he provided educational services to the BIA. Id. Because Mr. Rippa entered into a contract to provide services to the Government, any claims arising from this contract are subject to the Contract

[3] Given the jurisdictional nature of this motion, the Court may look outside of the pleadings and consider the relevant documents in defendant's appendix. Johnson Controls World Servs., Inc. v. United States, 44 Fed. Cl. 334, 340 (1999) (quoting Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988)).

Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq. Mr. Rippa has not complied with the terms of the CDA, and thus this Court does not possess jurisdiction over plaintiff's claims.

Generally speaking, the Government can be sued in this Court upon claims related to certain contracts. 28 U.S.C. § 1491(a). However, Congress established conditions upon that consent in cases involving contracts subject to the CDA. The CDA applies to "any express or implied contract" entered into by an executive agency for the procurement of property, other than real property in being, the procurement of services, the procurement of construction, alteration, repair or maintenance of real property, or the disposal of personal property. 41 U.S.C. § 602(a). The CDA also provides that: "[A]ll claims by a contractor against the government . . . shall be in writing and shall be submitted to the contracting officer for decision." 41 U.S.C. § 605(a). Compliance with section 605(a) is a jurisdictional prerequisite to the filing of a complaint in this Court. W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983); Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 184, 645 F.2d 966, 971 (1981), aff'd 230 Ct. Cl. 884 (1982); Litton Sys., Inc., v. United States, 27 Fed. Cl. 306 (1992).

Thus, in order for the Court to possess jurisdiction under the CDA, there must be a valid claim presented to the contracting officer. James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996). "Under the CDA, a final decision by a CO on a 'claim' is a prerequisite for Board [or United States Court of Federal Claims] jurisdiction." Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995) (citing Sharman Co. v. United States, 2 F.3d 1564, 1568-69 (Fed. Cir. 1993), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995)). Absent a properly submitted claim and a final decision denying that

claim, a contractor may not pursue a CDA-based suit in this Court. Dawco Constr., Inc. v. United States,
930 F.2d 872, 877 (Fed. Cir. 1991), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995). The Court and its predecessor have repeatedly dismissed claims because a contractor did not present its claim to the contracting officer in accordance with the requirements of the CDA. See, e.g., Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991) (no jurisdiction to entertain bad faith claim not presented to the contracting officer); Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112, 115-116 (2002) (no jurisdiction to entertain money claim for damages when no claim was presented to contracting officer); Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208, 212 (1999) (no jurisdiction to entertain termination claim not made prior to suit).

The CDA applies to Mr. Rippa's contract to act as a BIA educator. Mr. Rippa's employment status arose from the contract he entered into to provide educational services to the BIA. Therefore, any claims that arise from his employment arise from that contract, and are subject to the CDA. This Court has previously held that BIA educator contracts are bound by the terms of the CDA. In Flying Horse v. United States, 49 Fed. Cl. 419 (2001), the Court held that it had jurisdiction to entertain plaintiff's claims, because plaintiffs' contracts were covered by the CDA and because plaintiff had complied with the jurisdictional requirements of the CDA by submitting their claims to a contracting officer for review. The Court stated that the CDA covers "any express or implied contract" for the procurement of service, id. at 426, and concluded that, under a plain reading of the CDA, plaintiffs were procured for their services by the BIA. Id. Like the plaintiff in Flying Horse, Mr. Rippa's employment arose from his contract

with the BIA to provide a service, and thus, any litigation arising from his contract is subject to the terms of the CDA. In this case, because Mr. Rippa has not submitted his claims to a contracting officer, or complied with the terms of the CDA in any fashion, the Court does not possess jurisdiction to consider his complaint, and his complaint should be dismissed.

CONCLUSION

This Court does not possess subject matter jurisdiction over Mr. Rippa's complaint, because the statutes upon which he does rely are do not provide for a private cause of action in this Court and because he has not properly complied with the terms of the CDA. For those reasons, the Government respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction. The Government further requests that, because this reply brief raises new issues, that it be allowed two weeks, until October 19, 2007 to respond to Mr. Rippa's surreply to this reply brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

September 14, 2007 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 14th day of September, 2007, a copy of Defendant's Motion To Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A Dunsmore
Carrie A. Dunsmore