IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL D. RIPPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-250C |
| v. | ) | (Judge Christine O.C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SURREPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to this Court's September 24, 2007 order, defendant, the United States, respectfully submits this surreply in support of its motion to dismiss the complaint in this action. We established in our motion and reply that the complaint should be dismissed because the facts set forth in the complaint, and the statutes cited therein, do not establish that this Court possesses subject matter jurisdiction to entertain this action. Specifically, this Court lacks subject matter jurisdiction because, under the holdings of the precedential cases Volk v. Hobson, 866 F.2d 1398 (Fed. Cir. 1989), and United States v. Fausto, 484 U.S. 439 (1988), the statues upon which Mr. Rippa relies in bringing this action do not allow for the right of judicial review in this Court. Furthermore, Mr. Rippa is also barred from bringing his claim under the Contract Disputes Act 1978 ("CDA"), 41 U.S.C. §§ 601 et seq., because he has not complied with the terms of that act.

**I. The Statutes Upon Which Mr. Rippa Relies Do Not Provide Allow For The Right Of Judicial Review In This Court**

Mr. Rippa is seeking a determination that the Bureau of Indian Affairs ("BIA") acted illegally when it terminated his employment without notice and an opportunity for a hearing, to which he argues he was entitled under 25 U.S.C. § 2012(e) and 25 C.F.R § 38.9(d). However, as we established in Defendant's Reply Brief In Support Of Its Motion To Dismiss (hereinafter

"Reply"), under the precedential holdings of Volk v. Hobson, 866 F.2d 1398 (Fed. Cir. 1989) and United States v. Fausto, 484 U.S. 439 (1988), Mr. Rippa does not have the right to bring a suit in this Court under these statutes.

A. Binding Precedent In The United States Court of Appeals For the Federal Circuit Holds That Mr. Rippa Has No Right To Sue Under 25 U.S.C. §2012

As discussed in our Reply, the United States Court of Appeals for the Federal Circuit has held that 25 U.S.C. §2012 (then codified at 25 U.S.C. §2011) provides "no private right of action" and that "no part of it enables one to who perceives herself aggrieved to base a suit on the statute." Volk, 866 F.2d 1400-01. Mr. Rippa's assertions to the contrary, Volk is still the law of this Circuit and controlling in this case.

The Federal Circuit in Volk examined the issue of whether Congress intended to provide a private right of action under this provision, and determined that it did not, because "implying a private right for damages ... would conflict with the statutory and administrative scheme." Id. at 1401. Under that statutory scheme Congress excluded BIA educators from those provisions of the Civil Service Reform Act of 1978 ("CSRA") that related to the appointment, promotion and removal of civil service employees. 25 U.S.C. §2011(a)(1) (now 25 U.S.C. §2012(a)). Id. Instead, section 2011(b) (now codified as 25 U.S.C §2012(b)) directed the Secretary of the Interior to prescribe regulations governing the appointment and discharge of educators, and section 2011(e) (now 2012(e) states that those regulations must provide that "no educator may be discharged without notice of the reasons therefor and opportunity for a hearing." Id. The Secretary adopted procedures to govern discharges for cause which were codified at 25 C.F.R. §38.7(d) in 1979. Id.

In Plaintiffs Sur-reply To Defendant's Motion To Dismiss (hereinafter "Surreply"), Mr. Rippa argues that Volk "is no longer good law." Surreply at 2. Through his reliance on Carter v. Gibbs, 909 F.2d 1452 (Fed. Cir. 1990), Mr. Rippa suggests that Volk stands for the proposition that the reason plaintiff could not bring her cause of action because it was barred by her collective bargaining agreement, pursuant ot 5 U.S.C. §7121(a).[1] He argues, therefore, that Volk was overruled when 5 U.S.C. §7121(a) was amended to state that negotiated grievances are the only "exclusive administrative procedures" for resolving complaints of unionized Federal employees, "reopen[ing] this Court's doors to Tucker Act claims brought by unionized Federal employees who seek damages under "money-mandating" statutes and regulations. Surreply at 3.

Mr. Rippa's interpretation misstates the holding of Volk. Volk did not rest on 5 U.S.C. §7121(a), but on the Supreme Court's ruling in United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668 (1988). Fausto provides that the exclusion of the plaintiff from the class of employees entitled to judicial review under the CSRA revealed a "considered congressional judgment" that the plaintiff was not entitled to any judicial relief. Fausto, 484 U.S. at 448. Following the logic of Fausto, the Federal Circuit explained that BIA educators do not have the right of judicial review of their terminations because:

> Congress carefully excused the Secretary from complying with the cumbersome civil service rules that might otherwise govern educators, but required that a specific regime be implemented to govern discharge cases like this one. Congress can be deemed to have intended that this be the only remedy available; the very existence of the remedy is evidence that it surely did not intend a private right to sue based on section 2011(e)(1)(B).

---

[1] The Federal Circuit did hold in Carter v. Gibbs, 909 F.2d 1452 (Fed. Cir. 1990) that the grievance and arbitration procedures negotiated pursuant to 5 U.S.C. §7121 were "the exclusive mechanism for all Federal employee pay claims which were once brought in [the Federal Circuit]." Surreply at 3. This is not, however, the holding of Volk.

Volk, 866 F.2d at 1401.

The Federal Circuit's ruling in Volk, which arises from the Supreme Court's decision in Fausto, relies on the fact that Congress excluded BIA educators from the CSRA in section 2011(a), and dictated that the Secretary create an alternative statutory "regime" in section 2011(b), i.e. that the Secretary of the Interior prescribe regulations relating to the appointment, promotion, and discharge of employees, regulations that are still in effect today. Id., See also 25 C.F.R. §38.1 et seq.[2] That the Secretary's regulations satisfy that regime is clear is from the language of the case. Volk, 866 F.2d at 1401. Although the court mentions that the regulations were "superseded" by a collective bargaining agreement, as was permitted by 5 U.S.C. §7121(a)(1), it is clear that prior to the adoption of collective bargaining the Secretary's regulations constituted a sufficient regime. Id. If the collective bargaining agreement is somehow no longer a binding regime (which is not at all clear) to satisfy the Federal Circuit's logic in Volk, the Secretary's regulations would logically satisfy this requirement. The amendment of 5 U.S.C. §7121(a)(1) does not change that. Moreover, the real issue in Volk is not that there is or is not a collective bargaining agreement, but rather, like Fausto, that Congress excluded a class of employees from the CSRA, and therefore the Court cannot read a private right of action into the statute where Congress has created an alternate system. The Federal Circuit clearly found that "no part of [section 2011(e)] enables one who perceives herself aggrieved to base a suit on the statute." Volk, 866 F.2d at 1401. Mr. Rippa's assertions to the

[2] In fact, these are the very regulations on which Mr. Rippa relies as the jurisdictional basis of his complaint, and discusses at length in his Surreply.

contrary, it is clear that Volk remains binding precedent in this Court, and that plaintiff is not entitled to file a lawsuit under 25 U.S.C. §2012.

B. The Civil Service Reform Act of 1978 Provides Exclusive Remedies For Wrongful Termination Claims

Moreover, even if Mr. Rippa were correct, and Volk v. Hobson was "no longer good law," this Court still lacks jurisdiction over his claims because under United States v. Fausto, CSRA provides the exclusive remedy for wrongful termination claims. Stated most directly, the statutory scheme of the Civil Service Reform Act of 1978 ("CSRA"), codified in various parts of 5 U.S.C., revoked this Court's jurisdiction over cases involving the termination of civilian Government employees. When Congress passed the CSRA in 1978, it completely overhauled the civil service system by creating a comprehensive statutory scheme that replaced the outdated patchwork of statutes and rules that preceded it. United States v. Fausto, 484 U.S. 439, 443 (1988). One matter encompassed in this statutory scheme is the removal of an employee from Federal employment. Abramson v. United States, 42 Fed. Cl. 326, 332 (1998) (citing 5 U.S.C. § 7512). In Fausto, the Supreme Court evaluated a case in which a plaintiff, who had been separated from Federal employment, was a type of employee for which the CSRA provided no administrative remedy. Mr. Fausto had originally brought his claim to this Court's predecessor under the Tucker Act, 28 U.S.C. § 1491. Fausto, 484 U.S. at 443. His case was dismissed because the trial judge found that the CSRA was a Federal employee's exclusive avenue for relief and, even if the CSRA provided no such relief, the court could not. Id. The Court of Appeals for the Federal Circuit reversed the dismissal, holding that, because there was no remedy for Mr. Fausto under the CSRA, his remedy under the Tucker Act remained. Id. The Supreme Court reversed. Reasoning that Congress intended the CSRA to be the exclusive

remedy for the types of personnel actions encompassed by it, even for those Federal employees who would then have no CSRA remedy, the Supreme Court held that those employees were not entitled to access to the Claims Court to review an agency's adverse personnel decisions. Id. at 454; see also Bush v. Lucas, 462 U.S. 367 (1983) (comprehensive remedies of CSRA precluded additional judicial review).

Application of Fausto to the case at hand readily disposes of Mr. Rippa's complaint. As the Court of Appeals for the Federal Circuit stated in the case of a Government employee suspended and then fired by the Nuclear Regulatory Commission ("NRC"), "[b]ecause the Claims Court, post-Fausto, is not an appropriate authority to determine whether the NRC suspension and dismissal was warranted ... the Claims Court lacked jurisdiction to entertain the action." Carr v. United States, 864 F. 2d 144, 147 (Fed. Cir. 1989). See also, Salinas v. United States, 323 F.3d 1047 (Fed. Cir. 2003), ("Fausto and Read establish that "if the Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the Claims Court had no jurisdiction over that claim under the Back Pay Act-even though in the particular case the employee could not assert the claim before the Board." (quoting Read v. United States, 254 F.3d 1064,1067 (Fed. Cir. 2001))[3]. The Court does not have jurisdiction to address Mr. Rippa's allegations relating to his termination because the issue of termination is the exclusive purview of the CSRA. In this case, where Congress has expressly excluded BIA educators from the provisions of the CSRA, see 25 U.S.C. § 2012(a), and under the holding of Fausto, they should be barred from any judicial relief in this matter.

[3] Carr, Read, and Salinas belie Mr. Rippa's contention that the Federal Circuit has "repeatedly rejected the government's attempt to apply Fausto beyond its original context." Surreply at 8.

Mr. Rippa attempts to distinguish his situation from Fausto by arguing that because Congress required the Secretary of the Interior to promulgate regulations relating to employee removal (including notice and an opportunity for a hearing) that Congress intended to give the BIA educators "due process appeal rights" including the right of review in this Court. Surreply at 5-6. Mr. Rippa provides no support for this claim that Congress intended BIA educators to have statutory rights, and indeed, this argument is explicitly rejected by the holding of Volk v. Hobson, discussed at length above. Moreover, it is completely contrary to Fausto and its progeny. As we have shown both here, and in our Reply, when Congress deliberately excludes a group from CSRA protection, as it has done with these BIA educators, Fausto holds those employees are precluded from bringing suit in court.

## II. Mr. Rippa' Claim Is Barred Under The Contracts Disputes Act

We have demonstrated that Mr. Rippa may not bring suit in the Court under 25 U.S.C §2012. Mr. Rippa is also barred from bringing his claims in this Court under the CDA. It is the position of the Bureau of Indian Affairs that its educators are contractors who provide educational services to the BIA. This position is supported by Mr. Rippa's "employment contract," which we attached to our Reply, as well as this Court's decision in Flying Horse v. United States, 49 Fed. Cl. 419 (2001). As explained in our Reply (and not disputed in Mr. Rippa's Surreply), Mr. Rippa has not complied with the CDA in filing his complaint. Accordingly, this Court lacks jurisdiction over Mr. Rippa's claim. Reply at 4-6.

Mr. Rippa does not dispute that his complaint does not comply with the CDA, but instead argues in his Surreply that he is an employee, not a contractor, and thus not bound by the CDA, Surreply at 9-10. He also argues and that even if he were a contractor, he is not barred from

bringing a claim under the 25 U.S.C. §2012. Surreply at 9. The BIA respectfully disagrees. This Court has held that BIA educators are contractors. Flying Horse, 49 Fed. Cl. at 419. Moreover, if Mr. Rippa is a contractor, his claims must be brought pursuant to the CDA. The CDA applies to "any express or implied contract" entered into by an executive agency for the procurement of property, other than real property in being, the procurement of services, the procurement of construction, alteration, repair or maintenance of real property, or the disposal of personal property. 41 U.S.C. § 602(a)(emphasis added). "When the Contract Disputes Act applies, it provides the exclusive mechanism for dispute resolution." Texas Health Choice, L.C. v. Office of Personnel Management, 400 F.3d 895, 898 (Fed. Cir. 2005)(quoting Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed. Cir.1995)). Therefore, Mr. Rippa should have complied with the CDA in filing his lawsuit.

## CONCLUSION

This Court does not possess subject matter jurisdiction to consider Mr. Rippa's complaint, because the statutes upon which he does rely are do not provide for a private cause of action in this Court and because he has not properly complied with the terms of the CDA. For those reasons, the Government respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

October 9, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 9th day of October, 2007, a copy of Defendant's Surreply in Support of its Motion To Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A Dunsmore
Carrie A. Dunsmore